# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **ELDON LABRANCH** | **CIVIL ACTION NO. 05-945** |
| VS. | SECTION P |
| **GEO GROUP, INC., ET AL.** | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on May 31, 2005, by *pro se* plaintiff Eldon Labranch. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff complains that he received inadequate medical attention at ACC, and he names the following as defendants herein: the GEO Group, Inc.; ACC Nurse "Mary Doe" Ward[1]; ACC Wardens Terry Terrell and O. Kent Andrews; and, LDOC Secretary, Richard Stalder.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that he did not receive adequate medical care from Nurse Wade. More specifically, plaintiff states that on December 14, 2004, he filed a request for medical treatment for what he assumed was Athlete's Foot. He was seen by Nurse Wade, who examined plaintiff's feet and, other than having him cut his toenails, did not find any problems with plaintiff's feet.

---

[1] Plaintiff consistently refers to this individual as Nurse Wade in his complaint, leading the court to believe that the reference to Nurse "Ward" in section III (B) of his complaint was a typographical error.

Plaintiff states that the problems continued, so he filed another request for medical treatment. Plaintiff was again seen by Nurse Wade, who still did not find anything wrong with plaintiff's feet. Plaintiff claims that during this examination by Nurse Wade, she told plaintiff not to fill out any more sick call slips. This alleged admonishment did not prevent plaintiff from completing a third request for medical treatment, which resulted in plaintiff being advised to soak his feet in bleach, and to buy foot powder and foot cream from the canteen. Thereafter, plaintiff states that while he was at the infirmary for a reason unrelated to his feet, he informed the head nurse that he had purchased the foot powder and cream, and was following the nurse's orders in regard to treatment. However, plaintiff was apparently still having trouble with his feet as he states that the head nurse "offered no solution to the problem." [Doc. #1, p.3]. Plaintiff then asked for a prescription medication and an examination by a doctor. In response, plaintiff states that he was told that there was not any foot medication and that he was not given a referral for a doctor's visit.

As a result of the above actions, plaintiff asks this court to order Allen Correctional Center to allow him to be examined by a doctor, as well as any other relief to which he is entitled.[2]

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is

---

[2] It appears that plaintiff exhausted his administrative remedies in regard to this matter. Specifically, on or about April 26, 2005, plaintiff received a second step response denying ARP #ALC-2005-041. In its denial, the LDOC stated that plaintiff's medical records and first step response had been reviewed, and that the medical opinion was controlling. The LDOC stated that the medical care received by plaintiff was deemed adequate, appropriate, and ongoing, and that no further investigation would be conducted as the issue had been addressed. [Doc. #1-3, p.1].

frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly*

3

*v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint presents the best case which could be presented by plaintiff under the circumstances. Based upon the thoroughness of plaintiff's pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

## 2. Medical Care Claims

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See *Wilson v. Seiter*, 501

U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. at 105-07. Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)(quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

The pleadings before the court do not support a finding of deliberate indifference. To the contrary, the complaint and exhibits establish that plaintiff was seen by medical personnel at least four times relative to his alleged athlete's foot. On two occasions, no problems were found with plaintiff's feet, and after another examination he was instructed to treat his feet with over-the-

5

counter medications.

As stated above, a prisoner's disagreement with his medical treatment does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official [s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). The facts alleged by plaintiff clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. By plaintiff's own admission, he was examined at least four times between December 14, 2004 (the date he filed his first request for medical treatment regarding the Athlete's Foot), and February 2005 (the presumed date in which plaintiff filed his first ARP concerning this matter). This activity does not suggest that the defendants "intentionally treated [plaintiff] incorrectly..." Nor does such activity "...clearly evince a wanton disregard..." for plaintiff's medical needs. In short, plaintiff's medical care claim is frivolous, and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 31st day of October, 2005.**

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE